A. J. BAKER, ET AL., v. H. B. HAMPTON, ET AL.

**Injunction Without Notice.**

When a petition for an injunction is sworn to, and the court is satisfied by the affidavit of the applicant, or by other evidence, that irreparable injury will result if the injunction be not immediately granted, he may grant it without a notice first served on the defendant.

**Sale Bond Under Void Judgment.**

When a judgment is rendered, and pending a motion for a new trial but before it is decided, an execution is issued and property of the defendant levied upon and sold by the officer, who took a sale bond for the price of the sale, after which the motion for a new trial is granted and the judgment set aside, such sale bond is rendered void, and if an execution is issued upon it the collection may be enjoined. Property of the defendant purchased on execution under a judgment should be returned to him when the judgment is set aside.

APPEAL FROM OWSLEY CIRCUIT COURT.

April 15, 1880.

OPINION BY JUDGE HINES:

Taking the allegations of the petition and amended petition to be true, appellees had obtained a judgment against A. J. Baker, and pending a motion for a new trial they caused an execution to issue and be levied upon a horse belonging to A. J. Baker, which was sold by the officer to J. W. Baker, who executed a sale bond. Subsequently the motion for a new trial was sustained, and the judgment in favor of appellees set aside. After this motion was sustained appellees caused an execution to issue on the sale bond, and had it levied upon a lot of logs belonging to J. W. Baker. In the meantime J .W. Baker, believing that the setting aside of the judgment operated to cancel his bond and to deprive him of any right to the horse, returned him to A. J. Baker.

The court below sustained a demurrer to the petition and amended

petition apparently because no notice of the application had been given. Section 276 of the code requires notice unless the court shall be satisfied, by the affidavit of the applicant, or by other evidence, that irreparable injury will result to the applicant if the injunction be not immediately granted. The petition and amended petition which were sworn to, and the affidavit filed with them, appears to be sufficient evidence upon which the court should act without notice. Besides, appellees were in court, manifesting no reason why the injunction should not be granted. It is clear that if the judgment on which the execution issued was subsequently set aside the sale bond was thereby rendered void, and it became the duty of J. W. Baker to deliver the horse to the person from whom it was taken under the execution.

Judgment *reversed* and cause remanded with directions to grant the injunction, and unless the facts set forth in the petition and amended petition are successfully controverted the injunction should be made perpetual.

*W. L. Hurst, S. P. Hogg, for appellants.*
*H. C. Lilly, for appellees.*